IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION



23CV 197

FILED
MAR 01 2023

KENYA TEASLEY,
          Plaintiff,
v.

DAVID HOKE, AUDREY TURNLEY,
JUDGE ORLANDO HUDSON
          Defendants.

(Jury Trial Demanded)

COMES NOW Plaintiff Kenya Teasley and states the following as her Complaint against Defendants David Hoke, Audrey Turnley and Judge Orlando Hudson in their individual capacities.

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C $1983 for acts committed by these Defendants under color of state law which deprived the Plaintiff of her rights under the First and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction over this federal claim pursuant to 28 U.S.C. $ 1331 and 28 U.S.C $ 1343(a)(3).

2. All material events giving rise to this cause of action occurred in Durham County, North Carolina. Under 28 U.S.C $1391(b), venue is proper in the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff Kenya Teasley is a citizen and resident of Durham County, North Carolina.

4. Defendant Judge Orlando Hudson is the former Senior Resident Superior Court Judge for Durham County Superior Court.

5. Defendant David Hoke is the former Assistant Director of the NC Administrative Office of the Court.

6. Defendant Audrey Turnley is the Judicial Scheduling Officer for the NC Administrative Office of the Court.

## FACTS

7. On March 2, 2020, the Plaintiff attended a motion hearing in Durham County Superior Court, for a complaint she filed. Judge Alma Hinton was assigned to preside over the Durham County superior court sessions, for the week of March 2, 2020. Joshua Stein represented the Defendants in the complaint at the motion hearing on March 2, 2020. The date for the motion hearing was selected by Tamika Henderson, who works for Joshua Stein.

8. On March 2, 2020, Judge Alma Hinton was present for the civil superior court session in Durham County. Judge Alma Hinton heard one case and then Judge Orlando Hudson came in and took over the session. Judge Alma Hinton had a genuine look of confusion on her face. The Clerk sitting to the right of Judge Alma Hinton, asked about this sudden change. Judge Alma Hinton shrugged her shoulders and told the Clerk she didn't know what was going on. After this, Judge Alma Hinton left the courtroom.

9. On February 25, 2020, the Defendants for this complaint assigned Judge Orlando Hudson in lieu of Judge Alma Hinton, to the Durham County superior court sessions for the week of March 2, 2020. This was a non-judicial act, that took place outside of the courtroom. The defendants were not acting by the direction of Former Chief Justice Cheri Beasley.

10. On February 25, 2020 at 12:11 p.m., David Hoke sent an email to Judge Orlando Hudson's Trial Court Coordinator. Judge Orlando Hudson and Audrey Turnley were copied in on the email. The email stated "The Regular Session of Superior Court set for Durham County, Schedule B, for the trial of Civil and Criminal cases to begin March 2, 2020, is hereby Changed. The Honorable Orlando F. Hudson, Jr., one of the Regular Judges of the Superior Court, is commissioned and assigned to preside over this session in lieu of the Honorable Alma L. Hinton, one of the Regular Judges of the Superior Court." Former Chief Justice Cheri Beasley was not copied in on the email. Outside of this, an email does not represent a legitimate commission order.

11. On February 25, 2020, David Hoke and Audrey Turnley created an illegitimate paper commission order on behalf of former Chief Justice Cheri Beasley, for the Durham County superior court sessions held the week of March 2, 2020. (Exhibit 1)

12. Exhibit 1 states the order was entered. Exhibit 1 was not entered anywhere. An order must be filed with the clerk's office to be enforced. Exhibit 1 does not include a case file number. Exhibit 1 does not include a legitimate reason for the change in assignment. Exhibit 1 is not addressed to Judge Alma Hinton nor Judge Orlando Hudson. If Exhibit 1 was a legitimate order, it would be on file and attached to every case heard during the week of March 2, 2020, in Durham County Superior Court.

3

Exhibit 1 was not filed with the clerk's office in Durham County Superior Court. This voids *all* orders made by Judge Orlando Hudson, in Durham County Superior Court, for the week of March 2, 2020, for lack of personal jurisdiction.

13. On June 30, 2020, the Plaintiff attended a motion hearing in Durham County Superior Court, for a complaint she filed. Judge John Dunlow was assigned to preside over the Durham County superior court sessions for the week of June 29, 2020. Joshua Stein represented the Defendants at the motion hearing on June 30, 2020. The date for the motion hearing was selected by Matthew Tulchin, who works for Joshua Stein.

14. On March 13, 2020, the Defendants for this complaint assigned Judge Orlando Hudson in lieu of Judge John Dunlow, to the Durham County superior courts sessions for the week of June 29, 2020. This was a non-judicial act, that took place outside of the courtroom. The defendants were not acting by the direction of Former Chief Justice Cheri Beasley.

15. On March 13, 2020 at 2:03 p.m., David Hoke sent an email to Judge Orlando Hudson's Trial Court Coordinator. Judge Orlando Hudson and Audrey Turnley were copied in on the email. The email stated "The Regular Session of Superior Court set for Durham County, Schedule C, for the trial of Civil and Criminal cases to begin June 29, 2020, is hereby Changed. The Honorable Orlando F. Hudson, Jr., one of the Regular Judges of the Superior Court, is commissioned and assigned to preside over this session in lieu of the Honorable John Dunlow, one of the Regular Judges of the Superior Court." Former Chief Justice Cheri Beasley was not copied in on the email. Outside of this, an email does not represent a legitimate commission order.

4

16. On March 13, 2020, David Hoke and Audrey Turnley created an illegitimate paper commission order on behalf of former Chief Justice Cheri Beasley, for the Durham County superior court sessions held the week of June 29, 2020 (Exhibit 2).

17. Exhibit 2 states the order was entered. Exhibit 2 was not entered anywhere. An order must be filed with the clerk's office to be enforced. Exhibit 2 does not include a case file number. Exhibit 2 does not include a legitimate reason for the change in assignment. Exhibit 2 is not addressed to Judge John Dunlow nor Judge Orlando Hudson. If Exhibit 2 was a legitimate order, it would be on file and attached to every case heard during the week of June 29, 2020, in Durham County Superior Court. Exhibit 2 was not filed with the clerk's office in Durham County Superior Court. This voids *all* orders made by Judge Orlando Hudson, in Durham County Superior Court, for the week of June 29, 2020, for lack of personal jurisdiction.

18. The Defendants for this complaint assigned Judge Orlando Hudson, to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, to throw the Plaintiff's complaints in the favor of the Defendants represented by Joshua Stein at the motion hearings, on March 2, 2020 and June 30, 2020.

19. Joshua Stein and David Hoke used to work together at the NC Department of Justice, before Joshua Stein became Attorney General.

20. Motion hearings in Durham County Superior Court are scheduled for the second full week of each month (Local Rule 8.2). The Plaintiff didn't learn of this until after she attended the motion hearing on June 30, 2020. March 2, 2020, was not within the second full week of March, and June 30, 2020, was not within the second full week of June.

5

21. Judge Orlando Hudson was not assigned on the Master Calendar of Superior Courts, to hear cases in Durham County for the Spring Session of 2020.

22. Judge Orlando Hudson did not have the authority to assign himself to any NC superior court sessions.

23. Audrey Turnley did not have the authority to change Judge Orlando Hudson's assignment, to the Durham County superior court sessions, for the weeks of March 2, 2020 and June 29, 2020.

24. Audrey Turnley does not have the authority to create any type of commission order. Audrey Turnley's access to former Chief Justice Cheri Beasley's electronic signature was not intended for her personal use.

25. As the former Assistant Director of the NC Administrative Office of the Court, David Hoke had the authority to make *legitimate* changes to the NC Superior Court Master Calendar.

26. David Hoke does not have a legitimate reason for changing Judge Orlando Hudson's assignment twice, within a two-week period, conveniently to the Durham County superior court sessions, where Joshua Stein had motion hearings scheduled. David Hoke's access to former Chief Justice Cheri Beasley's electronic signature was not intended for his personal use.

27. On June 14, 2021, the Plaintiff asked David Hoke via email, for a copy of the commission orders for March 2, 2020 and June 30, 2020.

28. On June 15, 2021, Audrey Turnley sent the Plaintiff two illegitimate commission orders via email (Exhibits 1 and 2).

6

Case 1:23-cv-00197-CCE-JLW   Document 1   Filed 03/01/23   Page 6 of 15

29. N.C.G.S 14-221.2 states that any persons who without lawful authority intentionally enters a judgment upon or materially alter or changes any criminal or civil process, is guilty of a Class H felony. Judge Orlando Hudson's actions were felonious.

30. David Hoke's actions were not within the scope of his employment as the former Assistant Director of the Administrative Office of the Court. David Hoke's actions were felonious. David Hoke's actions on February 25, 2020 and March 13, 2020, were forgery of Former Chief Justice Cheri Beasley's electronic signature, on the illegitimate paper commission orders.

31. Audrey Turnley's actions were not within the scope of her employment as a Judicial Scheduling Officer for the Administrative Office of the Court. Audrey Turnley's actions were felonious. Audrey Turnley's actions on February 25, 2020 and March 13, 2020, were forgery of Former Chief Justice Cheri Beasley's electronic signature, on the illegitimate paper commission orders.

32. In 2010, a Jackson County attorney was convicted and disbarred for forging a judge's signature.

33. On October 7, 2016, David Hoke issued and *filed* a *legitimate* commission order on behalf of former Chief Justice Mark Martin (Exhibit 3). In this order, David Hoke included a legitimate reason for the change in judges.

34. On October 24, 2022, David Hoke issued and *filed* a *legitimate* commission order on behalf of Chief Justice Paul Newby (Exhibit 4).

35. On December 29, 2022, David Hoke issued and *filed* a *legitimate* commission order on behalf of Chief Justice Paul Newby (Exhibit 5). In this order, David Hoke included a legitimate reason for the change in judges.

7

36. The case listed in Exhibit 3 was designated as exceptional by former Chief Justice Mark Martin.

37. The cases listed in Exhibits 4 and 5 were designated as exceptional by Chief Justice Paul Newby.

38. Exhibits 1 and 2 states Judge Orlando F. Hudson, Jr. was a *regular* judge of the Superior Court. Judge Orlando F. Hudson, Jr. was the Senior Resident Superior Court Judge for Durham County.

39. Exhibit 3 states Judge Donald W. Stephens is a Senior Resident Judge of the Superior Court of North Carolina. In 2016, Judge Donald W. Stephens was the Senior Resident Superior Court Judge for Wake County.

40. Exhibit 4 states Judge L. Todd Burke is a Senior Resident Judge of the Superior Court of North Carolina. Judge L. Todd Burke is the Senior Resident Superior Court Judge for Forsyth County.

41. Exhibit 4 states Judge Edwin G. Wilson, Jr. is a Senior Resident Judge of the Superior Court of North Carolina. Judge Edwin G. Wilson, Jr. is the Senior Resident Superior Court Judge for Caswell and Rockingham Counties.

42. Exhibit 5 states Judge Paul C. Ridgeway is a Senior Resident Judge of the Superior Court of North Carolina. Judge Paul C. Ridgeway is the Senior Resident Superior Court Judge for Wake County.

43. Exhibit 5 states Judge James F. Ammons, Jr. is a Senior Resident Judge of the Superior Court of North Carolina. Judge James F. Ammons, Jr. is the Senior Resident Superior Court Judge for Cumberland County.

44. David Hoke did not play with former Chief Justice Mark Martin's signature, like he did former Chief Justice Cheri Beasley's signature. He knew better. Exhibit 3 shows this when compared to Exhibits 1 and 2.

45. David Hoke did not play with Chief Justice Paul Newby's signature, like he did former Chief Justice Cheri Beasley's signature. He knew better. Exhibits 4 and 5 shows this when compared to Exhibits 1 and 2.

46. David Hoke and Judge Orlando Hudson both retired from the State in December 2022.

47. These defendants are not special. They believe so, but they're sadly mistaken. These defendants put their pants on one leg at a time just like anyone else. The defendants' actions were intentional, and they need to be held accountable just like anyone else would. Their actions are ten times worse than anyone else in the everyday public, because they are a representation of how the judicial system operates.

## COUNT 1

### (U.S. Const. Amend. 1 – freedom of speech and expression)

48. David Hoke's intentional act of creating illegitimate commission orders on February 25, 2020 and March 13, 2020, denied the Plaintiff the right to speak freely with the judges assigned to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020.

49. David Hoke's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to speak freely with the judges assigned to these sessions.

50. Audrey Turnley's intentional act of creating illegitimate commission orders on February 25, 2020 and March 13, 2020, denied the Plaintiff the right to speak freely with the judges assigned to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020.

51. Audrey Turnley's intentional act of assigning Judge Orlando to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to speak freely with the judges assigned to these sessions.

52. Judge Orlando Hudson's intentional act of assigning himself to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to speak freely with the judges assigned to these sessions.

53. As a proximate result of the Defendants' wrongful conduct, the Plaintiff has suffered extreme emotional distress and some loss of wages.

54. The Defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's constitutional rights. As a result of the Defendants' conduct, the Plaintiff is entitled to recover punitive damages.

## COUNT 2

**(U.S. Const. Amend. 1 – right to petition the government for a redress of grievances)**

55. Judge Orlando Hudson's intentional act of assigning himself to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to petition the government for a redress of grievances.

56. Judge Orlando Hudson denied the Plaintiff access to the judges assigned to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020.

57. David Hoke's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to petition the government for a redress of grievances. David Hoke denied the Plaintiff access to the judges assigned to these sessions.

58. David Hoke's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to petition the government for a redress of grievances. David Hoke denied the Plaintiff access to the judges assigned to these sessions.

59. Audrey Turnley's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to petition the government for a redress of grievances. Audrey Turnley denied the Plaintiff access to the judges assigned to these sessions.

60. Audrey Turnley's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to petition the government for a redress of grievances. Audrey Turnley denied the Plaintiff access to the judges assigned to these sessions.

61. As a proximate result of the Defendants' wrongful conduct, the Plaintiff has suffered extreme emotional distress and some loss of wages.

62. The Defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's constitutional rights. As a result of the Defendants' conduct, the Plaintiff is entitled to recover punitive damages.

## COUNT 3

### (U.S. Const. Amend. 14 – procedural due process)

63. David Hoke's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the liberty interest of having a fair court trial.

64. David Hoke's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to be heard by an unbiased tribunal.

65. David Hoke did not assert any grounds for creating the illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020.

66. David Hoke's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the liberty interest of having a fair court trial.

67. David Hoke's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to be heard by an unbiased tribunal.

12

68. David Hoke did not assert any grounds for changing the judge assignment for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020.

69. Audrey Turnley's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the liberty interest of having a fair court trial.

70. Audrey Turnley's intentional act of creating illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to be heard by an unbiased tribunal.

71. Audrey Turnley did not assert any grounds for creating the illegitimate commission orders for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020.

72. Audrey Turnley's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the liberty interest of having a fair court trial.

73. Audrey Turnley's intentional act of assigning Judge Orlando Hudson to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to be heard by an unbiased tribunal.

74. Audrey Turnley did not assert any grounds for changing the judge assignment for the Durham County superior court sessions held for the weeks of March 2, 2020 and June 29, 2020.

75. Judge Orlando Hudson's intentional act of assigning himself to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the liberty interest of having a fair court trial.

76. Judge Orlando Hudson's intentional act of assigning himself to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020, denied the Plaintiff the right to be heard by an unbiased tribunal.

77. Judge Orlando Hudson did not assert any grounds for assigning himself to the Durham County superior court sessions for the weeks of March 2, 2020 and June 29, 2020.

78. On June 15, 2021, the Plaintiff discovered the illegitimate commission orders for the weeks of March 2, 2020 and June 29, 2020. At that time, there was nothing she could do through the state courts regarding this situation.

79. As a proximate result of the Defendants' wrongful conduct, the Plaintiff has suffered extreme emotional distress and some loss of wages.

80. The Defendants' actions were done maliciously, willfully, or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's constitutional rights. As a result of the defendants' conduct, the plaintiff is entitled to recover punitive damages.

14

Case 1:23-cv-00197-CCE-JLW   Document 1   Filed 03/01/23   Page 14 of 15

## PRAYER FOR RELIEF

1. That the Court declare Defendants' actions complained of herein are unlawful under the United States Constitution.

2. That the Court enter judgement in favor of Plaintiff and against the Defendants for Plaintiff's lost wages, extreme emotional distress, and punitive damages in an amount to be determined by a jury.

3. That the costs of this action be taxed against the Defendants.

4. That the Court grant the Plaintiff a trial by a jury.

This the 24th day of February, 2023.

Kenya Teasley

100 Tobler Court Apt 205

Durham, NC 27704

*plaintiff*