IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENYA TEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV197 |
| | ) | |
| DAVID HOKE, AUDREY TURNLEY, | ) | |
| JUDGE ORLANDO HUDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Defendants David Hoke, Audrey Turnley, and Judge Orlando Hudson's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Docket Entry 7.) Plaintiff filed a response (*see* Docket Entry 10) and supplemental briefing (*see* Docket Entry 11). For the following reasons, the undersigned recommends that the Defendants' Motion to Dismiss be granted.

## Background

Plaintiff Kenya Teasley initiated this action, pro se, on March 01, 2023, alleging that Defendants violated her rights under the First and Fourteenth Amendment. (*See* Docket Entry 1, Compl.)[1] Defendant Hoke is the former Assistant Director of the North Carolina

---

[1] Plaintiff has an extensive litigation history, having filed nearly two dozen previous lawsuits, including three suits concerning the matters noted here. *See In the Matter of Kyla Kurian, et al*, 19-C-015(E), *Kenya Teasley v. University of North Carolina System, et al.,* I.C. File No. TA-27486, *Kenya Teasley v. North Carolina Ethics Commission,* I.C. File No. TA-27882*, Kenya Teasley v. Robinson, et al.*, Wake County 19 CVS 8041*, Kenya Teasley v. Kyla Kurian, et al.,* Guilford County File No. 20 CVS 2993, *Kenya Teasley v. Meighen*, Durham County File No. 19 CVS 1306, *Kenya Teasley v. Chambers*, et al., Durham County File No. 19 CVS 4126, *Kenya Teasley v. Edwards*, et al., Durham County File No. 19 CVS 4591*, Kenya Teasley v. Jordan*, Durham County File No. 20 CVS 2122, *Kenya Teasley v. Henderson*, Durham County

Administrative Office of the Courts ("NCAOC"), Defendant Turnley is the current the Judicial Scheduling Officer for the NCAOC, and Defendant Hudson was a Superior Court Judge for the State of North Carolina. (*See* Compl. ¶¶ 3-6.) In her Complaint, Plaintiff alleges that on February 25, 2020, Defendant Hoke entered a commission order that replaced the Honorable Judge Alma Hinton as the presiding judge for the Superior Court's Regular Session beginning on March 2 with the Honorable Orlando F. Hudson, Jr. (*Id.* ¶¶ 7-10.)[2] Plaintiff claims that this commission order, which was emailed to Judge Hudson and Audrey Turnley, "does not represent a legitimate commission order" because (1) "the order was not entered anywhere," (2) it "does not include a case file number," (3) it "does not include a legitimate reason for the change in assignment," and (4) it "is not addressed to Judge Alma Hinton nor Judge Orlando Hudson."[3] (*Id.* ¶¶ 9-12.) Plaintiff further asserts that if the order was legitimate "it would be on file and attached to every case heard during the week of March 2, 2020, in Durham County Superior Court." (*Id.* ¶ 12.) She further claims that because the order was not filed with the clerk's office, it "voids all orders made by Judge Orlando Hudson . . . for the week of March 2, 2020, for lack of personal jurisdiction." (*Id.*) She also claims that, presumably in accordance with the "illegitimate order," on March 2, 2020, Judge Hudson

---

File No. 20 CVS 2264, *Kenya Teasley v. Laws,* Durham County File No. 20 CVS 2262, *Kenya Teasley v. Balshakova*, et al., Durham County File No. 20 CVS 2263, *Kenya Teasley v. Stein*, et al, 1:20-cv-787 (M.D.N.C.), *Kenya Teasley v. Stein*, 1:20-cv-788 (M.D.N.C.), *Kenya Teasley v. Stein*, et al, 1:20-cv-789 (M.D.N.C.), *Kenya Teasley v. Stein*, et al, 1:20-cv-790 (M.D.N.C.), *Kenya Teasley v. Stein*, 1:20-cv-791 (M.D.N.C.), *Kenya Teasley v. Smyth*, et al, 1:20-cv-792 (M.D.N.C.), *Kenya Teasley v. Fox*, et al, 1:20-cv-901 (M.D.N.C.), *Kenya Teasley v. Stein*, et al, 1:20-cv-1166 (M.D.N.C.)*, Kenya Teasley v. Hudson*, 1:21-cv-265 (M.D.N.C.); *Kenya Teasley v. O'Neal, et al.*, 5:22-cv-115 (E.D.N.C.).

[2] Unless otherwise noted, all citations herein refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

[3] It is unclear why Plaintiff believes these issues render the order "illegitimate." She does not state any law that describes the requirements for an order to be legitimate.

entered the courtroom and replaced Judge Hinton prior to a hearing for a case that Plaintiff filed. (*Id.* ¶ 8.)

Similarly, Plaintiff also alleges that Defendants Hoke and Turnley also entered an illegitimate commission order on March 13, 2020 that replaced the Honorable John Dunlow with Defendant Hudson on the Superior Court calendar for the week of June 29, 2020. (*Id.* ¶ 16.) Again, Plaintiff states that the order is not legitimate because it was not filed with the Durham County Superior Court's clerk's office, did not contain a case file number, did not give a legitimate reason for the change, and was not emailed to then-Chief Justice Cheri Beasley, which Plaintiff alleges voids all orders made by Judge Hudson for that week due to "lack of personal jurisdiction." (*Id.* ¶ 17.) Plaintiff further claims that both commission orders were intended to "throw the Plaintiff's complaints in the favor of the Defendants represented by Joshua Stein at the motion hearings." (*Id.* ¶ 18.) While Plaintiff does not allege what would motivate Defendant Hudson or the state to "throw" a case against her, she notes that Defendant Hoke and Josh Stein both worked for the NC Department of Justice before Josh Stein became Attorney General. (*Id.* ¶ 19.)

She states that Defendant Hoke's actions in crafting the commission orders "were not within the scope of his employment" and were also "felonious." (*Id.* ¶ 30.) She also claims that Defendant Hoke forged then-Chief Justice Cheri Beasley's electronic signature on the "illegitimate paper commission orders." (*Id.*) Next, Plaintiff claims that Defendant Turnley's actions were also outside the scope of her authority because she did not have "authority to create any type of commission order," and thus her actions were "felonious." (*Id.* ¶ 31.) Lastly, she asserts that Defendant Hudson violated N.C. Gen Stat. § 14-221.2 because he did not have

3

"the authority to assign himself to any NC superior court sessions," and thus his actions were also "felonious."[4] (*Id.* ¶¶ 22, 29.)

She brings this action under 42 U.S.C. § 1983, claiming Defendants' actions violated her constitutional rights in three ways. First, she contends her First Amendment rights to freedom of speech and expression were violated because Defendants intentional acts denied her of "the right to speak freely with the judges assigned to the Durham County superior court session for the weeks of March 2, 2020 and June 29, 2020." (*Id.* ¶¶ 48-54.) Next, she asserts another First Amendment claim based on her "right to petition the government for a redress of grievances." (*Id.* ¶ 10.) Third, she brings a procedural due process claim, asserting that she her liberty interests in "having a fair court trial" and her "right to be heard by an unbiased tribunal" were abridged. (*Id.* ¶¶ 63-77.) She claims she has suffered extreme emotional distress due to Defendants' "malicious[], willful[], or wanton[] manner that demonstrates a reckless disregard for Plaintiff's constitutional rights." (*Id.* ¶¶ 53-54, 61-62, 79-80.)

She asks the Court to "declare Defendants' actions . . .unlawful under the United States Constitution." (*Id.* at 15.) She also requests the Court to "enter judgement (sic) in favor of Plaintiff and against the Defendants for Plaintiff's lost wages, extreme emotional distress, and punitive damages in an amount to be determined by a jury." (*Id.*) She further asks that "the costs of this action be taxed against the Defendants" and "the Court grant the Plaintiff a trial by jury." (*Id.*)

---

[4] N.C Gen. Stat. § 14-221.2 reads, "Any person who without lawful authority intentionally enters a judgment upon or materially alters of changes any criminal or civil process, criminal or civil pleading, or other official case record is guilty of a Class H felony."

4

Defendants counter that all claims should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Docket Entry 8 at 1.) They argue that because Plaintiff fails to assert any cognizable injury, she thus does not have standing to bring a claim. (*Id.* at 12.) They further argue that, in the alternative, the claims should be dismissed under Fed R. Civ. P. 12(b)(6) because Plaintiff does not allege sufficient facts to state a plausible claim. (*Id.* at 14.) Further, they assert that the claims are barred by qualified immunity. (*Id.* at 14-18.)

## Discussion

### I. Motion to Dismiss Standard

"A motion under Rule 12(b)(1) raises the question of whether [the claimant] has a right to be in the district court at all and whether the court has the power to hear and dispose of [the] claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); *see also Bethel v. Rogers*, No. 1:20CV330, 2022 WL 4585809, at *2 (M.D.N.C. Sept. 29, 2022). This "threshold issue . . . must be decided before a determination on the merits of the case." *Id.* "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

5

Case 1:23-cv-00197-CCE-JLW   Document 14   Filed 12/18/23   Page 5 of 12

*Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). However, "bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions" and legal conclusions are not sufficient. *See id.* (citations omitted).

Further, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 88, 94 (2007). However, liberally construing a claim does not allow the court to ignore clear failures in the pleadings. *Id.* "[G]enerosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him or her. *Pender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998). "While pro se complaints may represent the work of an untutored hand requiring special judicial solicitude, a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Weller,* 901 F.2d at 391.

## II. Standing

Defendants have filed a motion to dismiss under Rule 12(b)(1) based on lack of subject matter jurisdiction. (*See* Docket Entry 8 at 11.) Federal district courts exercise limited

6

jurisdiction in that the courts "possess only the jurisdiction authorized . . . by the United States Constitution and by federal statute." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citation omitted). Article III of the United States Constitution outlines the federal court's jurisdictional limits. *See* U.S. Const., art. III, § 2; *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 & n.5 (2014). Relief is only appropriate when there is an actual case or controversy under Article III. *See Volvo Const. Equip. N. Am,. Inc. v. CLM Equip. Co., Inc.* 386 F.3d 581, 592 (4th Cir. 2004). For any case or controversy to be justiciable in federal court, a plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Planned Parenthood of S.C. v. Rose*, 361 F.3d 786, 789 (4th Cir. 2004)).

To establish constitutional standing at the motion to dismiss phase, there are three requirements.

> First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" Whitmore v. Arkansas, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)) (internal citations omitted) "A 'concrete' injury must be 'de facto'; that is, it must actually exist." The adjective "concrete" in this context, "convey[s] the usual meaning of the term—'real,' and not 'abstract.' " *Spokeo, Inc. v. Robins,* 578 U.S. 330, 340, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016) (internal citation omitted). Second, the injury must be fairly traceable to the defendant's actions, rather than the result of independent action of a third party not before the court. [*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)]; "Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' "

*Singh v. Univ. of N. Carolina at Chapel Hill,* No. 1:22-CV-294, 2023 WL 2329857, at *8 (M.D.N.C. Mar. 2, 2023), *appeal dismissed sub nom. Singh v. Univ. of N. Carolina Health Care Sys.,* No. 23-1350, 2023 WL 6374188 (4th Cir. June 20, 2023); *see also Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citing *Lujan,* at 560-61; *see also Bethel,* No. 1:20CV330, 2022 WL 4585809, at *3. The burden of satisfying Article III's standing requirement lies with the party seeking to invoke the federal court's jurisdiction. *Miller,* 462 F.3d at 316.

"The asserted harm [must have] a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2200, 210 L. Ed. 2d 568 (2021) (citation omitted). In short, the "plaintiff[] must be able to sufficiently answer the question: What's it to you?" *Id.* at 2203 (quotations and citation omitted).

Because a plaintiff "bears the burden of clearly alleging facts demonstrating that she is a proper party to invoke judicial resolution of the dispute," any unsubstantiated or conclusory claims of injury do not typically entitle a plaintiff to seek relief. *See Nat'l All. For Accessibility, Inc. v. Big Lts Stores, Inc.* No. 1:11-CV-941, 2012 WL 1440226, at *3, *8 (M.D.N.C. Apr. 26, 2012); *see also Vanover v. Blendowski,* No. C A 305-2956-DCN-JRM, 2006 WL 3513682, at *5 (D.S.C. Dec. 5, 2006) ("[U]nsubstantiated claims of . . . injury are entitled to little weight.") (citing *Foster v. Metropolitan Airports Comm'r,* 914 F. 2d 1076, 1082 (8th Cir. 1990)). Further, allegations pled at "too high a level of generality to allow the Court to determine" whether standing has been established are also insufficient. *See Pruitt v. Resurgent ap. Servs.,* 610 F. Supp 3d 775, 782 (D. Md. 2022) (citing *Twombly,* 550 U.S. at 570).

8

Here, Plaintiff claims she was denied the "right to speak freely with the judges assigned" to her hearings,[5] which caused her "extreme emotional distress and some loss of wages." (Compl. ¶¶ 51-54, 57-61, 69-80.) First, Plaintiff claims that not being allowed to present her case to the judge that was originally assigned abridged her right to freedom of speech under the First Amendment. However, Plaintiff has not sufficiently shown any invasion to a legally protected interest because there is no constitutional right to choose which judge hears your claims.[6] *See e.g., Albertson v. United States,* No. CV 07-529-PA, 2007 U.S. Dist. LEXIS 28781, at *2 (D. Or. Apr. 17, 2007) (A litigant has no right to decide which judge or judges will preside over an action."); *see also Salters v. Carrington,* No. 1:06CV223-MU-02, 2006 WL 2224289, at *1 (W.D.N.C. Aug. 1, 2006). Thus, Plaintiff was not denied her right to freedom of speech and could not have suffered any injury as a result. Accordingly, the undersigned finds that Plaintiff has not sufficiently asserted a cognizable injury regarding her freedom of speech claim.

Next, Plaintiff's claim brought under the Petition Clause also fails to allege any injury. Interpretation of the Petition Clause is an ever-evolving segment of constitutional law. *See* Carol Rice Andrews, *A Right of Access to Court Under the Petition Clause of the First Amendment: Defining the Right*, 60 Ohio St. L.J. 557, 561 (1999) ("The historical record offers little insight into the mere existence of a right to petition courts, let alone the proper contours of that purported right. Likewise, the Supreme Court, though it recognizes such a right, has barely begun to define the right.") Nevertheless, the undersigned liberally construes Plaintiff's claim as a denial of her access to the court system. Regardless of whether this is the correct

---

[5] Plaintiff does not state the reason for, or outcome of, the two hearings.
[6] Plaintiff does not allege that she was denied her right to speak during either hearing.

interpretation of the Petition Clause, Plaintiff did not suffer any injury because she clearly was given access to the courts. She was allowed to appear before a judge on two different occasions, and she was allowed to file the instant claim. Thus, she has not sufficiently alleged any injury under the Petition Clause.

Third, she claims that her due process rights under the Fourteenth Amendment were violated. She claims that the "illegitimate orders" abridged her liberty interest in "having a fair court trial." However, she alleges no facts that demonstrate her liberty interest was abridged. She merely makes a conclusory and unsubstantiated claim that she was injured. Thus, since unsubstantiated or conclusory claims of injury do not entitle a plaintiff to seek relief, the undersigned finds that she has not pled sufficient injury to bring a due process claim. *See Vanover,* No. C A 305-2956-DCN-JRM, 2006 WL 3513682, at *5.

Lastly, Plaintiff claims these alleged constitutional violations have caused her "extreme emotional distress and some loss of wages." (*See* Docket Entry ¶79.) Again, Plaintiff does not elaborate on what emotional distress she suffered or why she has lost wages. These conclusory and unsubstantiated claims of injury are alleged at too high a level or generality and thus are insufficient. Therefore, because the Plaintiff has not sufficiently alleged an injury, there is no actual controversy, and the Court lacks subject matter jurisdiction to hear the case.

## III. Plaintiff Fails to Allege Sufficient Facts to State Claim

Defendants alternatively assert that the action should be dismissed under Rule 12(b)(6). (*See* Docket Entry 8 at 12.) Since the undersigned recommends dismissal for lack of subject matter jurisdiction under Rule 12(b)(1), there is no need to address their 12(b)(6) argument. *See Capital Broad. Co., Inc. v. City of Salisbury, N.C.,* No. 1:22CV1068, 2023 WL 4273636, at *6

10

(M.D.N.C. June 29, 2023) ("As the Court finds it lacks jurisdiction, it will not address the parties' arguments regarding Rule 12(b)(6)."); *see also Black v. PNC Bank,* No 1:12CV 892, 2013 WL 4494470, at *3 (M.D.N.C. 2013); *see also Hill v. Colvin,* No. 1:14CV354, 2016 WL 727177, at *10 (M.D.N.C. Feb. 23, 2019). However, even if Plaintiff had sufficiently alleged a cognizable injury and had standing to bring her claims, her claims would fail under Rule 12(b)(6) because she does not allege sufficient facts to state any plausible claims under which relief can be granted.

For the reasons stated above, Plaintiff does not allege any facts that plausibly show any constitutional violations committed by the Defendants. Additionally, her statements regarding all three Defendants' conduct are conclusory. She alleges that all three Defendants contributed to the production of two commission orders but does not state what role Defendants Turnley or Hudson played in the creation of the orders beyond receiving them through email.

Further, she concludes the orders were illegitimate, but she does not present any law that supports how she reached that conclusion. (*See* Compl. ¶ 12) (noting that the order was illegitimate because it "was not entered anywhere," "does not include a legitimate reason for the change in assignment," and "is not addressed to Judge Alma Hinton nor Judge Orlando Hudson" [so this] "voids all orders made by Judge Orlando Hudson".) She later concludes that Chief Justice Beasley's signature was a forgery without presenting any facts to support her theory, and claims that the Defendants "were not acting by [Chief Justice Beasley's] direction" without providing any facts that might indicate her conclusion is plausible. (*Id.* ¶14.) She also concludes that Defendant Hudson's ruling was biased but alleges no substantiating facts beyond stating that Defendants Hoke and Attorney General Josh Stein both worked for the

11

NC Department of Justice at the same time. (*Id.* ¶ 19.) None of these legal conclusions allege sufficient facts to sustain a plausible claim.[7]

## Conclusion

Accordingly, for the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (Docket Entry 7) be **GRANTED** without prejudice for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.

          /s/ Joe L. Webster
          United States Magistrate Judge

December 18, 2023
Durham, North Carolina

---

[7] Defendants also assert that the claims would fail because Defendants are protected under the doctrine of qualified immunity. (*See* Docket Entry 8 at 13-14.) "Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Walker v. Prince George's Cnty., MD,* 575 F.3d 426, 429 (4th Cir. 2009) (quotation omitted). To bring a defense of qualified immunity, the Court examines (1) whether the alleged facts establish a violation of a constitutional right, and (2) whether a reasonably official would have known that their actions were unlawful. *See Ashcroft v. al-Kidd,* 563 U.S. 731 (2011). Since the undersigned finds that no constitutional violations occurred, Defendants could also successfully bring a defense of qualified immunity.